A NEGRO woman slave and her four children had been in possession of the plaintiff and his wife, the parent many years, and the others from their respective births, probably believed by tbe possessors, during tbe greater part of that time, to be their property.
After the woman slave was discovered to have been, by tbe father of the plaintiffs wife, who had received her from him, conveyed long before to John Robinson, tbe testator of the de-fendents, the five slaves, by direction of one of the defendents, were sold by auction.
The plaintiff, at the time and place appointed for the sale, attended with his wife, who manifested a tender affection for the slave, and such anxiety to retain them, which was increased by a reciprocal abhorrence in them from a separation, that she seemed resolved to buy them at any price.
The defendents were not at the sale, one of them, suspecting that some people, diposed to favour the plaintiffs wife, might *355 decline bidding against her, instructed the agent who managed the sale not to let them be sold under a reasonable value.
The agent employeth a by-bidder, not being particularly instructed so to do by the defendents : the slaves are exposed to sale, in four lots, for tobacco ; the plaintiff is the highest bidder for all ; the sum of the prices bidden is somewhat more than 52000 pounds of tobacco, confessed to be enormous, for payment of which tbe plaintiff, with a surety, executed a bond.
The defendents, in an action for the tobacco appearing due by the bond, recovered a judgement, to enjoin which the plaintiff commenced this suit, in his bill claming a property in the slaves, by a gift, which he alleged the father of the plaintiffs wile to have made at their intermarriage, or, if that title could not be maintained, insisting that the conduct of the agent in employing a by-bidder, was so unfair that in equity the obligor ought not to be charged, by the bond, with more than the true value of the slaves, far exceded by the price which was hidden by the plaintiff, and which he was urged to bid by the agents practices upon the solicitude of a distressed woman.
The answer of the defendents to the bill did not admit tbe gift to the plaintiff, and he did not prove it, nor would the gift if he had proved it, have been effectual against the prior conveyance to the testator of the defendents.
In the answer the first named defendent in a dissertation en-deavoured to prove the employment of a by-bidder not to be unlawful or exceptionable in general, and stated that not long before this transaction, the plaintiff, at a public sale, gave 255 pounds for a negro boy thirteen years old, and that other extravagant prices were given about the same time ; adding, he supposed the just creditors of mr Robinson, for whose benefit the de-fendent acted, had a right to be avaled of the prevailing temper though it should be thought a phrenzy.
By tbe court, 10 day of march, 1791:
The act of by-bidding is a dolus mal us. 1, the by-bidder, offering a price for the thing proclamed to be sold, professeth a wish to buy it; which profession is false : for he, not only doth not wish to buy the thing but, wisheth another man to buy it, and tempteth him to bid more for it. 2, the by-bidder, instead of being one who would he a buyer, as,he pretendeth to be, is in truth the seller disguised,lending his own person to the seller, his office is dramatic, no less th'an the office of an actor in theatrical exhibitions, they both represent others ; and the object of both is to deceive, in this latter character however they differ thus : they use their art to persuade, one that he is,the other *356 that he is not, whom he personateth. (a) by which duplicity in the by-bidder the true bidders are deluded, who suppose the design of therbselves and this by-bidder to be the same, .that is, to buy the thing as cheap as they can, and do not suspect that a bidder, apparently desiring to buy,is insidiously watching the eagerness of others to buy, and graduating- his offers by that scale, instead of his own estimate of the value, and his own ability to pay the value.
No'w a simulation, a feigning himself to be what one is not, i. e. a true bidder, and a dissimulation, an industrious concealment of what he is, that is a seller or sellers substitute, from others interested in knowing what he is, and this with a design to profit by their credulity and ignorance, exhibit a complete and lively contour of that, which, if it must not be called by the name of a dolus malus, or by a name of like meaning, must want a name.
Again, the offer of a by-bidder, from the nature of the transaction, is a nullity, a sale by auction is a compact between the seller and highest bidder, whereby the property passeth from one to the other, the highest bidder therefore must be a bidder to whom the property can pass, but to a by-bidder can be no such transition of the property, for, if the thing proclaimed for sale be, in the auctionary language, stricken off to the by-bidder, the property remaineth unchanged ; he being the agent, and consequently, his offer being the offer, of the seller.
The inconvenience, if the practice of by-bidding be not tolerated, of which the active defendent seemed apprehensive, from combinations formed to the injury of the seller, may be honestly prevented by his preliminary declaration, that his property shall not be disposed of at less than a certain price, and an exposition of it to sale at that price, or a greater, if a greater be bidden, but a deception, exercised in order- to counteract a combination to injure the seller, which may or may not be formed, doth not consist with the praecepts in any system of ethics hitherto approved.
The same defendent, by his answer, seemed to think, that the plaintiff ought not to be relieved in this instance, because, in another instance of a public sale, lie had bought a slave at a more extravagant price, and other people had made similar in-discrete bargains about the same time, against which on that *357 account, the parties suffering by them had not been relieved, upon this is observed : in the cases, to which the defendent alluded, the parties, if by intromission of by-bidders they were led to give extravagant prices for things which they bought, have not been relieved, because perhaps they have not sought relief, if by-bidders did not intromit, the parties were not intitled to relief, the man, who suffers himself to be so much the dupe of epidemical phrenzy, which is supposed to have been prevalent at this time, or of his own desires, as by those standards, to measure the value of things which he buys, instead of measuring the value of them by their utility to him, and congruency with his faculties, can not, on that principle,be discharged from an improvident bargain by the court of equity, the judge of which neither is the curator, nor hath the power which the roman praetor had (b) to appoint a curator, for a prodigal.
And finally, the employment of a by-bidder, on this occasion, was peculiarly exceptionable, io other cases, a man, who bids against a secret by-bidder, will be restrained by the consideration that the price, bidden by his ostensible competitor, excedes the true value, but in this case the plaintiff did not consider the true value; to gratify a wife,for a family of servants,endeared to her probably by an intercourse of obsequious attention and faithful‘ministration,on one side,in return for benign treatment and provided care on the other, he bid the pretium affeelionis, which is unlimited, and which therefore was-WHAT THE BY-BIDDER AND HIS PROMPTER PLEASED.
The sale ought not to be set aside intirely, as the active de-fendent proposed, although the last price, bidden by the plaintiff, above a true bidder, can not be now discovered, because this incertainty was occasioned by the defendents agent and by-bidder ; but the sale ought to be effectual upon payment of so much tobacco as is equal to the value of the slaves at the time of tiie sale.
For ascertaining this value, an issue would have been directed ; hut, by the parties consent, it was referred to commissioners, upon whose report, in may 1791, the injunction, awarded when the bill was filed, was perpetuated as to all the tobacco recovered by the judgement, except so much thereof as was equal to their estimate.*

 Another difference between them is, men most commend him who most deceives them, because
Doubtless'the pleasure is as great Of being cheated as to cheat,
as Butler hath observed, when they are cheated out of their senses only : but when by deception they are injured in their property, they are not disposed to commend him who deceived them.

 Prodigi, licet mejores viginti quinqué annis na!i sirit, tamen in curatione sunt agnatorum, ex lege duodecim tabuiarum. sed solent Eomae praefectus urbi, vel praetores, et in provinciis praesides, ex inquisitioue, eis curatores dare. Jus-tiniani instituí, lib. I. tit. XXill. § III.

 The foregoing case was accidently omitted ill its proper place, about p 111; and since the omission vras discovered has been intentionally retained for the last. —Ed.]